IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

2002 SEP -4  P 3: 19

| | |
|---|---|
| VICTORIA L. WILLIAMS  : | |
| : | |
| v.  : | Civil No. L-01-2780 |
| : | |
| HOWARD COUNTY, MARYLAND  : | |

## ORDER

Now pending before the Court is Defendant Howard County's motion to dismiss [7-1], or in the alternative for summary judgment [7-2]. For the reasons stated below, Howard County's motion is DENIED without prejudice to refiling at the close of discovery as a motion for summary judgment.

On September 18, 2002, Plaintiff filed the instant suit against Howard County alleging age discrimination in violation of the Americans with Disabilities Act Americans with Disabilities Act of 1990, §§ 107(a), 42 U.S.C.A. §§ 12117(a) and retaliation in violation of Title VII of the Civil Rights Act of 1964, §§ 703(a)(1), as amended, 42 U.S.C.A. §§ 2000e- 2(a)(1). Plaintiff simultaneously brought suit against Howard County in the Circuit Court for Howard County. On April 17, 2002, the Circuit Court for Howard County entered judgment in favor of Howard County in the state action filed by plaintiff.

On October 27, 2002, Howard County filed a motion to dismiss, or in the alternative for summary judgement in the instant suit ("first motion to dismiss"). Howard County's motion makes the three following arguments:



(i) the Court lacks jurisdiction because the Equal Employment Opportunity Commission failed to conduct an investigation before issuing a right-to-sue letter;

(ii) William's claim of retaliatory discharge is barred by judicial estoppel because she makes factual allegations without evidentiary support that contradict factual assertions made by plaintiff in the Circuit Court for Howard County; and

(iii) the record demonstrates that plaintiff has failed to state a claim under the ADA and Title VII.

By letter dated April 22, 2002, Howard County argued to the Court that the state court ruling precluded the instant complaint under the doctrine of res judicata. On August 9, 2002, the Court issued an order deeming Howard County's letter a motion to dismiss ("second motion to dismiss"). The Court's order also established a briefing schedule and set a date for a hearing on Howard County's second motion to dismiss. Accordingly, this order only addresses Howard County's first motion to dismiss.

The Court finds that Howard County's first motion to dismiss is more appropriately addressed in the context of a post-discovery motion for summary judgment. Howard County's first motion to dismiss relies on twenty-five exhibits and the opposition relies on thirteen exhibits. The motion cannot be resolved without referencing the exhibits. Williams has requested that she be allowed to conduct discovery before the Court issues its ruling.

Additionally, the issues raised by Howard County's first motion to dismiss may be rendered moot by the Court's resolution of Howard County's second motion to dismiss. Accordingly, Howard County's first motion to dismiss, or in the alternative for summary judgment, is DENIED without prejudice to refiling as a motion for summary judgment at the close of discovery.

In the event that the Court denies Howard County's second motion to dismiss at the hearing scheduled for October 9, 2002, Williams should be prepared to inform the Court what additional discovery she requires to respond to Howard County's contention that the Court lacks jurisdiction because the EEOC failed to investigate before issuing her right to sue letter.

It is so ORDERED this **4TH** day of September, 2002.

_____
Benson Everett Legg
United States District Judge