**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

VICTORIA L. WILLIAMS,                          *

     Plaintiff                                *

v.                                             *          Civil Action No. L-01-CV-2780

HOWARD COUNTY, MARYLAND,                       *

     Defendant                                *

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**PLAINTIFF'S MEMORANDUM IN OPPOSITION
TO SECOND MOTION TO DISMISS**

     Victoria L. Williams, Plaintiff, by Randolph C. Knepper and Levin & Gann, P.A., her attorneys, submits this Memorandum in opposition to Defendant's second motion to dismiss. She incorporates the June 3, 2002 letter of her counsel to the Court in response to the April 22, 2002 letter of Defendant ("the second motion"), as well as the oral argument of her counsel on January 3, 2003.

**STATEMENT OF THE CASE**

     Plaintiff filed this action alleging disability discrimination in violation of the Americans with Disabilities Act of 1990, 42 USC §§ 21 *et seq.* ("ADA") and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 USC §§ 2000(e) *et seq.* ("Title VII") in state court. Defendant removed the suit to this Court and almost immediately filed a motion to dismiss or, in the alternative, for summary judgment ("the first motion") on a variety of grounds. By Order dated September 4, 2002, the Court denied the first motion without prejudice to refiling at the close of discovery.

     By letter of April 22, 2002, Defendant asserted that the April 17, 2002 Memorandum

Opinion and Order of the Circuit Court for Howard County ("the state court opinion") was preclusive of this action ("the second motion").  Plaintiff responded by letter of June 3, 2002 and Plaintiff again wrote on June 14, 2002.  A hearing was held on January 3, 2003.  By Order of January 7, 2003, the County requested these memoranda and directed that the parties include a statement of facts explaining the administrative proceedings which preceded the state court opinion as well as the procedural rights available to the Plaintiff in those proceedings.

## STATEMENT OF FACTS

On November 13, 1998, Ms. Williams was terminated from her employment with the County.  On December 23, 1998, Ms. Williams filed her second Charge of Discrimination (the "Charge of Discrimination"), with the Howard County Office of Human Rights ("OHR") and cross-filed with the EEOC.    Therein, Ms. Williams alleged that she had been discriminated against by the County by reason of her disability and in retaliation for her earlier complaints of gender and race discrimination.

Ms. Williams also initiated an administrative appeal proceeding within fifteen days of her termination, which led to a hearing before the Personnel Board in February through April 1999.  After the hearing before the Personnel Board, it found no substantial evidence that Ms. Williams was not injured, Decision and Order ("D&O"), page 20.  In doing so, the Personnel Board rejected the County's primary basis for dismissing Ms. Williams.  However, it affirmed the firing on other grounds. D&O, pages 17-18.  Following the Personnel Board's decision in favor of the County, Ms. Williams filed a Petition for Judicial Review in the Circuit Court for Howard County on August 27, 2000.  The County did not cross appeal.  The court review was limited to the record before the Personnel Board and

the issues of whether there was substantial evidence to support the Board's conclusion that Ms. Williams violated policy A-007 and whether the Board erred as a matter of law in finding she was not discharged in retaliation for having filed a gender discrimination grievance.

The state court opinion affirms the decision of the Personnel Board. As to the policy A-007 issue, the state court held the issue "is rendered moot because (Ms. Williams) failed to contest this particular charge for dismissal at the pre-termination hearing before Ms. Pereira and again failed to address it at the appeal hearing before the Board". State court opinion at 11. On the retaliation issue, the state court holds that Ms. Williams' prior testimony in a gender discrimination proceeding before the Personnel Board was not protected participation in a Title VII claim. State court opinion at 25.

Ms. Williams noted a timely appeal of the state court opinion to the Court of Special Appeals of Maryland. However, by letter of May 9, 2002 to this Court, Defendant asked Plaintiff to abandon her appeal because no statute authorized appeals in such cases involving Howard County agencies. She did so.

## PROCEEDINGS BEFORE THE PERSONNEL BOARD

Defendant has attached to its Memorandum of Law in Support of Second Motion to Dismiss a series of exhibits which set forth the statutory and administrative regimen applied to Plaintiff's appeal of her termination to the Personnel Board. Exhibit 2, excerpts from the Howard County Charter, provides for the Personnel Board in section 703 and grants it the power to determine appeals of job terminations in section 705(a)(2). Exhibit 3, Howard County Code excerpts, sets forth procedures for dismissal in section 1.117. It provides, *inter alia*, for the employee whose dismissal has been proposed to have a "meeting" with

the person who has proposed his or her dismissal to answer the charges.  When the initiator of the dismissal determines that the dismissal is appropriate, a notification of dismissal is given to the terminated employee, including the right to appeal to the Personnel Board within 15 days.  Section 1.117(e).

Section 1.500 of the Howard County Code is included in Exhibit 3 and governs appeals to the Personnel Board.  These Code provisions are skeletal, but provide for notice, rights to counsel and to present evidence and witnesses and to cross examine them, as well as defining appellant's burden of proof.

The Howard County Code Employee Manual, referenced in Code section 1.500(b) is attached to Defendant's Memorandum as Exhibit 4.  At page 16, the Manual sets forth preliminary procedures in dismissal cases.  In addition to the Code provisions, the Manual provides that the appellant has the right to subpoena witnesses and evidence, although no right to obtain pre-hearing discovery.

The Rules of Procedure of the Personnel Board are Exhibit 5 to Defendant's Memorandum.  In addition to the provisions of the Code and the Manual, the Rules of Procedure address administrative issues and provide that the Board will be advised by the county solicitor or a member of the legal staff of the office of law.  Rule 12 provides for pre-hearing procedures including detailed pre-hearing statements which may require the appellant to specify his or her witnesses, evidence and alleged grounds for relief.  Rule 16 supplies a detailed order of presentation for hearings.

The Personnel Board implemented these procedures in its December 3, 1998 letter to counsel, Exhibit 6 to Defendant's Memorandum.  The Board noted the limited scope of Plaintiff's administrative appeal and emphasized that no evidence not "clearly relevant to

the action being appealed" would be permitted.  The Board required both parties to file pre-hearing submissions, including a list of "all supporting documents or reports which will be relied upon at the hearing".  It emphasized that a statement of reliance on any or all document in the Court personnel files "is not sufficient to satisfy this requirement".

At the hearing before the Personnel Board, Plaintiff's counsel noted beginning with opening argument that the procedures were such that Plaintiff has no opportunity "to view the videos which Ms. Pereira reflects are the principal reason for her termination and, therefore, I think its obvious, we cannot have the ability to respond to what we have not seen".  Exhibit 1, page 44.  Because Ms. Williams was also required to identify all of her documentary evidence prior to the hearing and without any discovery, she was precluded from raising any matter which might have appeared in the documents produced at the hearing in response to subpoena.

As the hearing proceeded, the parties disagreed about the permissible scope of the Personnel Board proceedings, with Defendant advocating a narrow scope, limited to the rationale of Commissioner Pereira in terminating Plaintiff.  For instance, when Plaintiff sought to amend the appeal on March 25, 1999, the Defendant vigorously opposed any amendment because Plaintiff could pursue other claims in other forums.

> As you well know, the ruling of an appeal before the Howard County Personnel Board does not preclude an individual from filing a federal law suit, filing a compensation claim, filing an unemployment compensation claim, going to the Maryland Commission on Human Relations, going to the EEOC or going any other place they please and have the opportunity to pick the forum in which they're going to bring their claims and to pursue them there.

Exhibit 2, page 376.  In its resolution of this disagreement, the Personnel Board through

its legal advisor found that Commissioner Pereira's retaliatory animus as to the 1998 testimony, vel non, had been raised in the charges of dismissal and dismissal and was, therefore, part of the appeal.  Exhibit 2, page 381.  However, disability or handicap issues were not raised in the pre-appeal record and were, therefore, excluded.  Exhibit 2, page 382.

## THE PERSONNEL BOARD PROCEEDINGS
## DO NOT PRECLUDE PLAINTIFFS' CLAIMS

Federal Courts are generally required to accord state court judgments which affirm state administrative agency decisions the same issue and claim preclusive effect as they would be entitled in the state which rendered the decision.  *Batts v. Lee*, 1996 U.S. Dist. Lexis 18756, aff'd. 949 F. Supp 1229 (D. Md 1996).  In *Batts*, the court noted that Batts had numerous procedural rights in the prior state proceedings.  Among these were rights which Plaintiff was not accorded in this case, such as the right to take discovery, the right to petition the Court of Special Appeals, and, apparently, the ability to determine the scope of the administrative proceeding he initiated, as opposed to being limited to an appeal of the grounds advanced by Commissioner Pereira.  Because Batts may not have had the ability to seek a certain form of relief in his administrative action, the court examined the effect of his prior adjudication through the optic of issue preclusion (collateral estoppel), rather than claim preclusion (res judicata).  It is undisputed that Plaintiff had no ability to seek any relief in her Personnel Board appeal other than the reversal of her dismissal.  Clearly, under the *Batts v. Lee* analysis, there is no basis for claim preclusion in this case.  As *Batts* recognized, issue preclusion bars "only those issues which were necessary to the determination and actual litigated."  1996 U.S. Dist. Lexis 18756 at 7 of 8.

Maryland law applies claim preclusion where the claimant had "ample procedural means" to prosecute his claims in the prior proceeding. *FWD Bank v. Richman*, 354 Md. 472 (1999). While the procedural background of that case is exceptionally complex, the missing essential requirement of applying the transactional analysis to preclude causes of action which were not actually litigated in the prior proceeding is parallel to this case. Plaintiff was not permitted to present all of her claims in the Personnel Board appeal. Rather, she was limited to attempting to rebut the rationale advanced by Commissioner Pereira for her termination. [1] The state court opinion holds that Plaintiff was limited to the grounds advanced at her pre-termination "meeting" even before she had appealed to the Personnel Board.

Similarly, the Court of Appeals refused to apply claim preclusion in *Shum v. Gaudreau*, 317 Md. 49 (1989) where "ample procedural means for fully developing the entire transaction in the one action" were not available at 55, citing Restatement (Second) of Judgments, § 24, comment (a). Gaudreau had filed a summary ejectment action against Shum, by which only certain relief was available. Accordingly, the Court of Appeals declined to apply claim preclusion.

The Court of Appeals also relied upon the Restatement (Second) of Judgments when it declined to apply claim preclusion under the transaction test in *Gertz v. Anne Arundel County*, 339 Md. 261 (1995). In that case, the decision hinged largely on whether the former adjudications presented the "same claim" as the pending case. Plaintiff notes

---

[1] The limitations of the Personnel Board appeal process are even more strikingly contrasted with the decisions such as *Dixon v. SSA Baltimore Federal Credit Union,* 822 F. Supp. 302 (D. Md. 1992), where the prior proceeding was a multi-count original action brought by claimant.

that the only aspect of her present action which she was permitted to present to the Personnel Board was the part of her Title VII count which addresses retaliation for the 1998 testimony. That aspect was not finally adjudicated on the merits because the state court opinion found that the 1998 testimony was not protected by Title VII. That determination has no bearing on whether, for instance, Plaintiff's filing a Title VII lawsuit in federal court is protected by Title VII.

Perhaps the clearest pronouncement of the Court of Appeals as applied to claim preclusion based on the Personnel Board proceedings is found in *Kent County Board of Education v. Bilbrough*, 309 Md. 487 (1987). That decision shaped the Maryland law of claim preclusion based on the Restatement (Second) of Judgments and the notion of a "modern procedural system" which "permits the presentation of all material relevant to the transaction....and considerable freedom of amendment....Parties can resort to compulsory processes...to ascertain facts...avoiding surprise at trial." 309 Md. at 499. The "modern procedural system" described by the Court of Appeals and the American Law Institute is not the appeals procedure before the Personnel Board and the procedure actually employed in Plaintiff's appeal. The Personnel Board does not permit multiple kinds of relief or substantive theories. It permits no discovery and is satisfied with surprise at trial. It did not tolerate amendment, and allowed Plaintiff to mention retaliation only because the word appeared in Commissioner Periera's termination charges. This reality is not necessarily critical of the Personnel Board or of Howard County. It is very clear that the procedure for appeal from termination is not intended to be an opportunity for an employee to raise any disputes he or she might have with the County. Counsel for the County recognized as much when he stated at the hearing that "the ruling of an appeal before the Howard County

Personnel Board does not preclude an individual from filing a federal law suit...or going any other place they please and have the opportunity to pick the forum in which they're going to bring their claims and to pursue them there".   Exhibit 2 at page 376.  Neither logic nor Maryland precedent permits Defendant to use the result in its carefully-limited Personnel Board proceedings to shield itself from all other claims an employee may have.

Issue preclusion should not present a serious issue for this court because its application to the Personnel Board proceedings is even more problematic under Maryland law.  In _Murray Int'l Freight Corp. v. Graham_, 316 Md. 543 (1989), the Court of Appeals refused to apply issue preclusion (collateral estoppel) based on a Workmen's Compensation Commission determination.  It formulated the doctrine as "When an issue of fact or law is actually litigated and determined by a valid and final judgment and the determination is essential to the judgment, the determination is conclusive in a subsequent action between the parties, whether on the same or a different claim".  315 Md. at 547.  In _Murray_, the Court of Appeals held that the prior finding was not preclusive because it was not essential to the result and could not have been appealed, either one of which precludes collateral estoppel. [2]

Similarly, _Colandrea v. Wilde Lake Community Assn._, 361 Md. 371 (2000), teaches that collateral estoppel only applies to those facts or issues actually litigated in the prior proceeding.  The four-part test recognized in _Colandrea_ asks:

> 1.  Was the issue decided in the prior adjudication identical with the one presented in the action in question?

---

[2]  Only one issue in the current litigation was actually litigated – retaliation for 1998 testimony.  That issue was neither essential to the State court decision nor was it appealable.

2.  Was there a final judgment on the merits?

3.  Was the party against whom the plea is asserted a party or in privity with a party to the prior adjudication?

4.  Was the party against whom the plea is asserted given a fair opportunity to be heard on the issue?

In this litigation, there was no identical issue decided by the Personnel Board, there was no final judgment on the merits (as opposed to on grounds of mootness and inapplicability) and Plaintiff was not given a fair opportunity to be heard on the issues in this litigation. Indeed, she was heard only on issues defined by Commissioner Pereira in her termination action.[3]

## **CONCLUSION**

The prior proceedings before the personnel Board do not give rise to claim preclusion under Maryland law because Plaintiff did not have ample procedural means to litigate the entire transaction before the Board.  Issue preclusion does not apply under Maryland law because the issues in this action were not actually litigated before the Personnel Board and/or they were not essential to the state court opinion.

---

[3]     Defendant reiterates the argument in its first motion that the dismissal of a prior Title VII action in 1998 has a preclusive effect.  The short answer to the reintroduction of this argument in the second motion is that it was previously denied pending completion of discovery.  Additionally, it was no part of the second motion.  Finally, the facts of this case are utterly different from those of the cited authority in which, for instance, the facts on which the second case were based were known to the Plaintiff before he filed the first case.  _Bailey v. USX Corp._, 658 F. Supp. 279, 281 (N.D. Ala. 1987).

Defendant's second motion to dismiss should be denied.

 

 

_____
**RANDOLPH C. KNEPPER**
**LEVIN & GANN, P.A.**
502 Washington Avenue
8th Floor
Towson, Maryland 21204
410-321-0600
Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY,** that on this 14th day of March, 2003, copies of the Plaintiff's

Memorandum in Opposition to Second Motion to Dismiss, Exhibits and Affidavit were

electronically filed and mailed first-class, postage prepaid and sent via fax number 410-313-

3292 to **Richard E. Basehoar, Esquire,** Howard County Office of Law, 3430 Court House

Drive, Ellicott City, Maryland 21043.

 

 

_____
**RANDOLPH C. KNEPPER**

```
                                                    22
1  IN THE MATTER OF              BEFORE THE

2

3  THE APPEAL OF                 PERSONNEL BOARD

4

5                               VICTORIA L. WILLIAMS
   OF HOWARD COUNTY

6

7

8                      VOLUME 2

 9      REPORTER'S OFFICIAL TRANSCRIPT OF PROCEEDINGS
10 HEARING DATE: February 4, 1999


14  BEFORE:       Personnel Board of Howard County

15     BOARD MEMBERS:Jacqueline Brown, Chairperson

16              Thomas McKillip, Vice Chairperson
17              Russell Gledhill
18              Charles Greenslit
19              Chris McNamara

20

21
```

WALLS REPORTING, INC.
714 Park Avenue, Baltimore, MD 21201
410-728-9020 * FAX 410-728-9024

```
G:\Clients\Williams,Victoria (13042)\Brief Exhibit No. 1.wpd
```

44

1 this Board to decide which doctor was right, I

2   don't think this Board can expect Ms. Williams to

3    have decided which doctor was right. Her treating

4   physicians uniformly told her not to report for

5   duty on any of the days that she didn't report.

61   There is one day that is an exception for that and

7    that was the next to the last day of the year, and

8   1 think the evidence will show where she took a

-9

   personal leave day off that she would otherwise

10   have forfeited to (inaudible).

11        I will also ask you to bear in mind as you

12   hear the evidence that we have not had the

13   opportunity to view the videos which Ms. Pereira

14    reflects are the principal reason for her

15 termination and,. therefore, I think it'-s obvious,

16 we can' t, have the ability to respond to what we

17    have not seen. When yo u have heard all of the

18   testimony and reviewed all Of the documents, I.

19   believe that you will agree with me that Ms.

20   Williams did not.(inaudible) her termination and

21    that termination was unreasonable and I will ask

WALLS REPORTING, INC.
714 Park Avenue, Baltimore, MD 21201

G:\Clients\Williams,Victoria (13042)\Brief Exhibit No. 1.wpd

410-728-9020 * FAX 410-728-9024

369

.1  IN THE MATTER OF                BEFORE THE

2

3  THE APPEAL OF                    PERSONNEL BOARD

4

5  VICTORIA L. WILLIAMS             OF HOWARD COUNTY

6

7

8

9          REPORTER'S OFFICIAL TRANSCRIPT OF PROCEEDINGS

10  HEARING DATE: March 25, 1999

12                       - -- - - -

13

14  BEFORE:          Personnel Board of Howard County

15  BOARD MEMBERS: Jacqueline Brown, Chairperson

16                    Thomas McKillip, Vice Chairperson
17                    Russell Gledhill
18                    Charles Greenslit
19                    Chris McNamara

20

21

                    WALLS REPORTING, INC.
              714  Park Avenue, Baltimore, MD~1201
              410-728-9020 * FAX 410-728- 24

G:\Clients\Williams,Victoria (13042)\Brief Exhibit No. 2.wpd

376

1  was aware that the Office of Human Rights had already

2  prepared a complaint. However, after Mr. Basehoar

3  stated when he was, I think, cross examining Ms.

4  Williams at the last session, that there was an

5  exhaustion of an administrative remedies requirement,

6  1 then called both the of f ice of Human Rights and I

7  did research in the Howard County Code, and I believe

8  he's correct.

9        MR. BASEHOAR:    I'd like an opportunity to

10 respond. We'd vigorously oppose an amendment of the

11 appeal before this Board at this time. As you well

12 know, the ruling of an appeal before the Howard

13 County Personnel Board does not preclude an

14 individual from filing a federal law suit, filing a

15 compensation claim, filing a unemployment

16 compensation- claim, going to the Maryland Commission

17 on Human Relations, going to the EEOC or going any

18 other place they please and have the opportunity to

19 pick the forum in which they' re going to bring their

20 claims and to pursue them there.

21        There was never any allegation at the pre-

G:\Clients\Williams,Victoria (13042)\Brief Exhibit No. 2.wpd

377

1 termination hearing before Ms. Pereira, and the

2 evidence in this case has shown that any allegation -

3 that Ms. Pereira had discriminated Ms. Williams

4 because Ms. Pereira wrongfully and illegally

5 perceived Ms. Williams to have a disability. In

6 opening statements, Mr. Knepper made no such claim.

7 In the filing of the Appeal he made no such claim.

8 In the pre-hearing submission he made no such claim.

9 In cross-examination on the first night of the

10 proceedings on February 4, 1 asked in cross-

11 examination of Ms. Williams; isn' t it true that you

12 have raised other reasons -- in order to attack her

13 credibility -- for your dismissal? And she admitted

14 -yes, she did. And then I asked her are you raising

15 that here? And she said no. And if you go back to

16 the tape of that she said that is a different

17 complaint for a different proceeding at another time.

18 1 don't want to raise that here. Last week, when I

19 brought up the fact again that are you raising it

20 here, her response was I don't know,. I have to ask-

21 my attorney. I objected to that response as being

378

1 nonresponsive. That objection was overruled.

2          Mr. Knepper then had the opportunity to come

3 back with that issue and he did not. There is no

4 similarity between the issues involving the

5 compensation appeal or that would be related to a

6 perception of disability claim. They are entirely

7 unrelated things. And as to Mr. Knepper's assertion

8 that; well, we've given you all the stuff in the-

9 comp. thing as the Agreed Statement -of Facts,- that's

10 not true. I attempted to do that. I - gave you

11 everything up to a certain point. But when I

12 attempted to move in the comp. decision at this

13 proceeding last week he vigorously objected and said;

14 those ancillary or unrelated things don't have

15 anything to do here now. We don't want that. It's

16 not res judicata. The County can't put that in.

17 Now, he seeks to have it the other way. He seeks to

18 say well, since everything came in I want to go back

19 and talk about that this claim that Ms. Williams

20 filed for the first time on December'23 of 1998, some

21 time after she met with Ms. Pereira, and tried to

379

1 attack her decision on a completely separate ground

2 that Ms. Pereira never- had the opportunity to

3 address. It is completely wrong and it should not be

4 allowed by this Board.

5          MR. KNEPPER:      Let me respond just briefly.

6 Actually, I agree with--Mr. Basehoar as to perceived

7 disability. I do not see where that was raised in

8 the charges of dismissal or the dismissal. In the

9 dismissal however, it's clear that retaliation was

10 raised and indeed, Ms Pereira responds that she was

11 not retaliating. And what I believe has been raised

12 in these proceedings is retaliation for the prior

13 charge and retaliation for having filed the workers,

14 compensation claim. I do not claim that perceived

15 disability was raised. I agree with that. And as to

16 the statement about the workers' compensation

17 adjudication, of course I agree that that is not

18 germane to any of these charges because all that goes

19 to termination and those were events that took place

20 some five months --- or-so-after termination. So they

21 wouldn't be relevant to any of this.

380

1          MR. BASEHOAR:     Just to be heard very briefly

2 on that issue. We are not saying that it was an

3 event that should be taken into account. What we are

4 saying is it is probative evidence, the compensation

5 decision, it is probative evidence of the

6 reasonableness -of the Director's decision. Certainly

7 no one would plausibly suggest that you'd come in to

8 say that Director Pereira relied on it. I can't

9 offer that. --It--clearly happened many months

10 afterwards. But, nevertheless, looking at the same

11 facts and a determination as to whether the Appellant

12 was, as she claims to be before this Board, totally

13 disabled from performing any work, it is relevant to

14 show the reasonableness of Ms. Pereira's decision.

15          BOARD:     (Indiscernible)

16          (Discussion held off the record.)

17          MR. RUZZI:     Part of the delay in

18 deliberating with respect to the objection raised to

19 Mr. Knepper's request, during the break that we took

20 the Board reviewed the charges of dismissal, Ms.

21 Pereira's September 28 letter and the letter of

WALLS REPORTING, INC.
714 Park Avenue, Baltimore, MD 21201
410-728-9020 FAX 410-728-9024

381

1 dismissal dated November, 13. In those letters Ms.

2 Pereira referred and rejected Ms Williams,

3 contention that there was a retaliatory motive, both

4 with respect to her earlier gender claim and with

5 respect to retaliation for her compensation claim and

6 her work-related injury. The Board feels those

7 issues are part of the record already.

8.          In Appellant's pre-hearing submission he

9 indicated that- Ms. Williams' position was that Ms. --

10 Pereira's decision was clearly erroneous, arbitrary

11 and capricious and contrary to law.

12'          Based on the evidence and the allegations

13 recited in the charges, in the charges of dismissal

14 dated September 28, and the dismissal dated November

15 13, based on that the Board concluded that the

16 retaliation issues are already in the case. The

17 Appeal would need to be amended, so to speak. The

18 administration's objection is overruled with respect

19 to keeping out evidence concerning retaliation,

20 allowing the amendment. The Board views that as

21 really a necessary amendment because the Board

382

1 considers it already to be in the record with respect

2 to retaliation issues.

3        MR. BASEHOAR:    The perceived disability, the

4 perceived handicap issue, I think there was an

5 agreement that could not and would not be raised

6 here.

7        MR. RUZZI:    Yes. That was pretty much

8 stipulated to.

9        BOARD:   Ms. Pereira, I remind you that-

10 you're still under oath.

11                MELANIE PEREIRA

12 (a witness produced on call by Appellant having been

13 previously duly sworn, according to law, was examined

14 and testified further as follows:)

15        DIRECT EXAMINATION (continued)

16        BY MR. KNEPPER:

17        Q. Ms. Pereira, at our last session I asked you

18 about a series of documents which were noted in

19 Appellant's pre-hearing submission. And we had

20 concluded speaking, I had concluded asking you about

21 all of the documents which related solely to the

WALLS REPORTING, INC.
714 Park Avenue, Baltimore, MD 21201
410-728-9020 * FAX 410-728-9024

22

IN THE MATTER OF              BEFORE THE

2

3                            THE PERSONNEL BOARD

4

5                            VICTORIA L. WILLIAMS
   OF HOWARD COUNTY

6

7

8                    VOLUME 2

 9        REPORTER'S OFFICIAL TRANSCRIPT OF PROCEEDINGS
10  HEARING DATE: February 4, 1999

14              BEFORE: Personnel Board of Howard County

15     BOARD MEMBERS:, Jacqueline Brown, Chairperson

16              Thomas McKillip, Vice Chairperson
17              Russell Gledhill
18              Charles Greenslit
19              Chris McNamara

20

21

                WALLS REPORTING, INC.
       714 Park Avenue, Baltimore, MD 21201
          410-728-9020 * FAX 410-728-9024

44

I this Board to decide which doctor was right, I

2   don't think this Board can expect Ms. Williams to

3    have decided which doctor was right. Her treating

4    physicians uniformly told her not to report for

5    duty on any of the days that she didn't report.

6    There is one day that is an exception for that and

7    that was the next to the last day of the year, and

8    1 think the evidence will show where she took a

9
    personal - leave day of f that she would otherwise

10   have forfeited to (inaudible).

11       1 will also ask you to bear in mind as you

12   hear the evidence that we have not had the

13   opportunity to view the videos which Ms. Pereira

14   reflects are the principal reason for her

15   termination and,.therefore, I think it'.s obvious,

16   we can' t have the ability to respond to what we

17    have not seen. When you have heard all of the

18   testimony and reviewed all Of the documents, I.

19   believe that you will agree with me that Ms.

20   Williams did not (inaudible) her termination and

21   that termination was unreasonable and I will ask

410-728-9020 * FAX 410-728-9024

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

VICTORIA L. WILLIAMS,                          *

     Plaintiff                                  *

v.                                             *          Civil Action No. L-01-CV-2780

HOWARD COUNTY, MARYLAND,                       *

     Defendant                                  *

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**<u>AFFIDAVIT</u>**

1.  I, Beth Richmond, am over 18 years of age and competent to testify to the facts stated in this Affidavit.

2.  I am employed by Levin & Gann, P.A. as a legal secretary and am assigned to work with Randolph C. Knepper in that capacity.

3.  I am assigned to maintaining files of cases in which Mr. Knepper appears as part of my employment.

4.  I prepared the transcript excerpts which are attached to Plaintiff's Memorandum in Opposition to Second Motion to Dismiss as Exhibits 1 and 2.

5.  Exhibits 1 and 2 consist of true and correct copies of pages from volumes II and IV, respectively of the Reporter's Official Transcript of Proceedings in the matter of the Appeal of Victoria Williams before the Personnel Board of Howard County.

6.  That transcript bears the name of Walls Reporting, Inc. and was received from that entity by Levin & Gann, P.A. and maintained by my employer among its files.

**I AFFIRM UNDER THE PENALTIES OF PERJURY** that the contents of the foregoing Affidavit are true and correct.


             _____

             **BETH E. RICHMOND**