```
 1  IN THE MATTER OF          :     BEFORE THE
 2
 3  THE APPEAL OF             :     PERSONNEL BOARD
 4
 5  VICTORIA L. WILLIAMS      :     OF HOWARD COUNTY
 6
 7         : : : : : : : : : : : : : : : : : : : : : : : : :
 8
 9     REPORTER'S OFFICIAL TRANSCRIPT OF PROCEEDINGS
10  HEARING DATE: March 25, 1999
11
12                         - - - - -
13
14  BEFORE:      Personnel Board of Howard County
15  BOARD MEMBERS: Jacqueline Brown, Chairperson
16                 Thomas McKillip, Vice Chairperson
17                 Russell Gledhill
18                 Charles Greenslit
19                 Chris McNamara
20
21
```

WALLS REPORTING, INC.
714 Park Avenue, Baltimore, MD 21201
410-728-9020 * FAX 410-728-9024

```
 1  APPEARANCES:

 2           ON BEHALF OF THE APPELLANT

 3  :        Randolph C. Knepper, Esquire

 4           Levin & Gann, P.A.

 5           2 Hopkins Plaza, Suite 900

 6           Baltimore, Maryland 21201

 7

 8           ON BEHALF OF HOWARD COUNTY

 9           Richard E. Basehoar, Esquire

10           3430 Courthouse Drive

11           Ellicott City, Maryland 21043

12

13           ON BEHALF OF THE PERSONNEL BOARD

14           Louis P. Ruzzi, Esquire

15           3430 Courthouse Drive

16           Ellicott City, Maryland 21043

17

18  Transcriptionist: JoAnn Simpson

19  Transcription Service: Walls Reporting, Inc.  714

20  Park Ave., Baltimore, MD.

21  Proceedings recorded by audio recording, transcript
```

1 produced by transcription service.

2

3                        TABLE OF CONTENTS

4

5                                                              Page

6 APPELLANT WITNESSES

7      Melanie Periera

8 EXAMINATION:

9      Direct by Mr. Knepper . . . . . . . . . . . . 382

10     Cross by Ms. Basehoar . . . . . . . . . . . .407

11     Redirect by Mr. Knepper . . . . . . . . . . . 428

12     Cross by the Board . . . . . . . . . . . . . 431

13     Redirect by Mr. Basehoar . . . . . . . . . . 447

14     Recross by Mr. Knepper . . . . . . . . . . . 448

15     Recross by the Board . . . . . . . . . . . . 451

16 HOWARD COUNTY WITNESSES

17 None

18              - - - - - - - - - - - - - - -

19                                    IDENT   REC'D

20 APPELLANT EXHIBITS:

21 None

WALLS REPORTING, INC.
714 Park Avenue, Baltimore, MD 21201
410-728-9020 * FAX 410-728-9024

1

2 HOWARD COUNTY EXHIBITS:

3 #8  -  Ms. Pereira's resume  . . . . . . . 409 . . 409

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

WALLS REPORTING, INC.
714 Park Avenue, Baltimore, MD 21201
410-728-9020 * FAX 410-728-9024

```
1                    P R O C E E D I N G S
2           BOARD:  We're here on the appeal of Ms.
3  Victoria Williams.  Where did we leave off?
4           MR. RUZZI:  Ms. Pereira.
5           BOARD:  Ms. Pereira.
6           MR. KNEPPER:  Madam Chairperson, I do have a
7  preliminary matter.  I thought it would be better to
8  raise it at this point.  At the last session Mr.
9  Basehoar raised the issue of exhaustion of
10 administrative remedies in connection with the
11 charges of discrimination, which is County's Exhibit
12 A.  And I looked into his comments subsequently and
13 found that Howard County Code Section 12.208(3)(e)
14 does require exhaustion of administrative remedies by
15 proceedings before this Board prior to, at least the
16 processing of the charge of discrimination before the
17 Office of Human Rights.  I was not aware, frankly, of
18 that provision prior to Mr. Basehoar's comment.  I
19 called the Howard County Human Rights office and
20 learned that while they prepare, physically, the
21 charges of discrimination prior to this Board's
```

1  consideration, at least in some instances, they do
2  not investigate those charges until this Board has
3  heard and considered claims.  Therefore, I'm going to
4  ask permission to change the statement I made at the
5  first session and ask this Board to consider claims
6  that Ms. Williams was terminated because of
7  retaliation for a prior charge of discrimination and
8  because of her filing of her workers' compensation
9  claim and pursuing it.  I believe that is efficient,
10 it's clearly efficient, since no additional hearing.
11 You wouldn't have to go through all this all over
12 again.  And also I think it's fair because the
13 dismissal which began these proceedings acknowledges
14 awareness of claims that the termination was
15 motivated by retaliation for the previous
16 discrimination claim and the workers' compensation
17 claim.
18            Mr. Basehoar's comments and Exhibit A show
19 the County's awareness of those claims.  And the
20 evidence in this case, certainly the great majority
21 of that evidence, bears either on the previous charge

1 of discrimination, and in Ms. Williams' testimony
2 before this Board relative to that charge, and even
3 in the Federal law suit thereafter and also the
4 workers' compensation claim which is all over the
5 Agreed Statement of Facts.  So I think it would be
6 appropriate for the Board to do that.  And I'm
7 requesting that they do that.
8          BOARD:  (Inaudible)
9          MR. KNEPPER:  Part of the Agreed Statement
10 of Facts is the Federal law suit which Warren
11 Saltzman, Esquire, filed after the adjudication by
12 the Board of the claim, the previous claim.
13          BOARD:  I'm not really clear if I understand
14 what you're asking us to do.  You're asking us to
15 accept a revised what?
16          MR. KNEPPER:  Well, I'm not sure that it's
17 revised because these issues were raised, but I
18 previously stated, in response to Mr. Basehoar's
19 question, I believe.  At the first session, my
20 recollection is he asked are you seeking this Board
21 to rule on those claims.  And I said no, because I

1  was aware that the Office of Human Rights had already
2  prepared a complaint. However, after Mr. Basehoar
3  stated when he was, I think, cross examining Ms.
4  Williams at the last session, that there was an
5  exhaustion of an administrative remedies requirement,
6  I then called both the Office of Human Rights and I
7  did research in the Howard County Code, and I believe
8  he's correct.
9        MR. BASEHOAR: I'd like an opportunity to
10 respond. We'd vigorously oppose an amendment of the
11 appeal before this Board at this time. As you well
12 know, the ruling of an appeal before the Howard
13 County Personnel Board does not preclude an
14 individual from filing a federal law suit, filing a
15 compensation claim, filing a unemployment
16 compensation claim, going to the Maryland Commission
17 on Human Relations, going to the EEOC or going any
18 other place they please and have the opportunity to
19 pick the forum in which they're going to bring their
20 claims and to pursue them there.
21         There was never any allegation at the pre-