1 IN THE MATTER OF          :     BEFORE THE

2

3 THE APPEAL OF             :     PERSONNEL BOARD

4

5 VICTORIA L. WILLIAMS      :     OF HOWARD COUNTY

6

7       :::::::::::::::::::::::::::::::::::::::

8                    VOLUME 5

9     REPORTER'S OFFICIAL TRANSCRIPT OF PROCEEDINGS

10 HEARING DATE: April 1, 1999

11

12                          - - - - -

13

14 BEFORE:      Personnel Board of Howard County

15 BOARD MEMBERS: Jacqueline Brown, Chairperson

16               Thomas McKillip, Vice Chairperson

17               Russell Gledhill

18               Charles Greenslit

19               Chris McNamara

20                     .

21

```
 1 APPEARANCES :

 2           ON  BEHALF  OF  THE  APPELLANT

 3 :        Randolph C. Knepper, Esquire

 4           Levin & Gann, P.A.

 5           2 Hopkins Plaza, Suite 900

 6           Baltimore, Maryland 21201

 7

 8           ON  BEHALF  OF  HOWARD  COUNTY

 9           Richard E. Basehoar, Esquire

10           3430 Courthouse Drive

11           Ellicott City, Maryland 21043

12

13           ON  BEHALF  OF  THE  PERSONNEL  BOARD

14           Louis P. Ruzzi, Esquire

15           3430 Courthouse Drive

16           Ellicott City, Maryland 21043

17 Transcriptionist: Michelle Chmielewski

18 Transcription Service:  Walls Reporting, Inc.  714

19 Park Ave., Baltimore, MD

20 Proceedings recorded by audio recording, transcript

21 produced by transcription service.
```

1                    TABLE OF CONTENTS

2                                                      Page

3 APPELLANT WITNESSES

4      None

5 HOWARD COUNTY WITNESSES

6      Melanie C. Pereira

7 EXAMINATION BY:

8      Cross by Mr. Basehoar                     527

9      Redirect by Mr. Knepper                   566

10     Recross by Mr. Basehoar                   578

11     Redirect by Mr. Knepper                   588

12     Recross by Mr. Basehoar                   589

13     Redirect by Mr. Knepper                   590

14 CLOSING ARGUMENT:

15     By Mr. Knepper                            593

16     By Mr. Basehoar                           615

17

18

19

20

21

WALLS REPORTING, INC.
714 Park Avenue, Baltimore, MD 21201
410-728-9020 * FAX 410-728-9024

1                                        <u>IDENT</u>   <u>REC'D</u>

2 <u>APPELLANT EXHIBITS:</u>

3 None

4

5 <u>HOWARD COUNTY EXHIBITS</u>

6 F - Certification of exhibits, to

7     Worker's Comp. Comm           490

8

9

10

11

12

13

14

15

16

17

18

19

20

21

1 know that there was another relationship, Ms. Pereira

2 admitted that that had been a prior relationship to

3 the existence of the policy so that goes to prove

4 nothing.  If there's no policy against it, how is

5 that grounds for termination.

6         The other pillar for the charges of

7 dismissal and the dismissal itself is Ms. Williams

8 testimony before this Board in the hearing that

9 included Title 7 claims.  And that brings me to the

10 point of contrary to law.

11         First of all, on the grounds of inconsistent

12 claims, one of Ms. Pereira's observations from that

13 testimony was there were inconsistent claims and

14 certainly there is more than one factor that's listed

15 by Ms. Williams, sometimes in confused fashion, in

16 her testimony.  I will point out that Title 7 does

17 not require that one of its grounds be the sole

18 causation of a termination or other unfavorable

19 employment action in order for that action to be

20 sustainable.  Price Waterhouse v. Hopkins at 490 US

21 228, a decision of the Supreme Court of the United

1 States makes clear that there can be more than one

2 cause for termination and as long as one of them is a

3 violation of the civil rights laws, then a cause of

4 action will (indiscernible).

5          Secondly, the claim was she misrepresented

6 her relationship with Captain Dunst.  Again, this

7 testimony was prior to the incident that was in the

8 video.  It doesn't necessarily reflect testimony that

9 would have come after the incident in the video.  The

10 testimony that I saw is inconclusive and confused to

11 say the least, and it comes at the end of a very

12 lengthy, namely 157 page, examination.  I think

13 that's another example of basing a decision on a very

14 small part of the record.

15          Again, what the legislature of Maryland has

16 provided is that Administrative action is to be

17 reversed if it is, "unsupported by competent material

18 and substantial evidence in light of the record as a

19 whole."  Six pages out of 157 is not a whole.

20 McDonnell Douglas Corporation v. Green at 411 US 792,

21 a 1973 decision of the Supreme Court of the United

1 States, sets out the framework for the order of proof

2 in retaliation cases.  It provides first that the

3 employee has to show that she was engaged in a

4 protected activity.  In this case, that protected

5 activity is the testimony before this Board in a

6 Title 7 claim.  2., it has to show -- she has to show

7 that the employer was aware of that activity.  The

8 employer was obviously aware of that activity.  It

9 cited that activity in the termination.  3., that the

10 employee suffered an adverse action.  Certainly

11 termination after this many years of employment is

12 adverse.  And 4., that there's a causal connection

13 between the protected activity and the adverse

14 action.  Now, most of the decisions really go

15 because, go off on the fact that it's difficult for

16 the employee to show that causal connection.  Here

17 there's no such problem.  Ms. Pereira cites that

18 causal connection.  She says in the charges of

19 dismissal and dismissal, I'm firing you because of

20 what you said in your testimony before this Board on

21 a prior occasion.  And she's testified to that affect

1 tonight as well.  In the Title 7 frame work, what

2 happens when the Plaintiff shows those things is that

3 the employer then has the burden of production to

4 articulate a legitimate, non-retalitorial reason for

5 the adverse action.  And what that doesn't mean is

6 that the previous action was unsuccessful.  All of

7 the Circuits as well as the Supreme Court agree, and

8 the Supreme Court, not by its own decision in so many

9 words, but by denying certiorari from all the

10 Circuits and I'll use the language of the 2nd

11 Circuit.  "It is well settled that a finding of

12 unlawful retaliation generally does not depend on the

13 merits of the underlying discrimination complaint."

14 In other words, the fact that Ms. Williams was wrong

15 about her initial claim of discrimination does not

16 mean that she can be fired for having made it.

17 That's still retaliation.  Instead the Plaintiff

18 must, "demonstrate a good faith belief that the

19 actions of the employer violated the law."

20            Now, the record of this Board in that

21 decision is, presumably, available to this Board.

1 And I'll point out that there were seven witnesses

2 who testified on behalf of Ms. Williams and seventeen

3 exhibits that were introduced and the fact that that

4 complaint was not upheld does not indicate that she

5 didn't have good faith reason for believing in her

6 own case.  What we also have in this case that's

7 highly unusual is the relationship between the

8 complaint and the discharge.  Because usually people

9 are saying usually - two minutes?  Our contention is

10 --

11          BOARD:  (Indiscernible) Mr. Basehoar.

12          MR. KNEPPER:  Our contention is that it is

13 per se unlawful to terminate an employee because of

14 their testimony in an actual Agency hearing on a

15 Title 7 case and I will simply cite the cases that I

16 believe stand for that proposition and they are

17 Wilson v. UT Health Center, that's University of

18 Texas, at 973 F2 1263, 5th Circuit 1992, certiorari

19 denied, 507 US 1002.  And Vasconslos (phonetic) v.

20 Meese (phonetic), 907 F2nd 111, 9 Circuit 1990.  And

21 they cite in that a 4th Circuit decision, Jabba v.

1 <u>Fayetteville University</u>.  All of these are decisions

2 in which the Plaintiff says you fired me because I

3 wrote a nasty letter alleging discrimination or I

4 complained to my boss or I did something like that.

5 And in every case the United States Court of Appeals

6 says that's not protected.  It's a different thing if

7 you had been giving testimony to an Agency that was

8 authorized to investigate it.  Then you couldn't be

9 fired because of that testimony.  But because you

10 weren't fired because of the testimony or, at least,

11 because you didn't prove that you did, we're not

12 going to uphold your complaint.

13          In this instance, Ms. Pereira's charges of

14 dismissal, the dismissal itself and her testimony all

15 show she was fired because of her testimony before an

16 Agency that is empowered to investigate and make

17 findings based on Article 7 and that violates the

18 law.  Thank you.

19          BOARD:  (Inaudible).

20          MR. BASEHOAR:  Thank you, Mr.

21 (Indiscernible).  I too would like to thank the Board