IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| VICTORIA L. WILLIAMS | : | |
| | : | |
| v. | : | CIVIL NO. L-01-2780 |
| | : | |
| HOWARD COUNTY, MARYLAND | : | |

**<u>MEMORANDUM</u>**

Pending is the second Motion to Dismiss filed by Defendant Howard County, Maryland. On January 3, 2003, the Court heard oral argument. By Order dated January 7th, the Court directed the parties to submit supplemental briefing. Having received and considered these additional papers, the Court is prepared to rule. For the reasons stated below, the Court will, by separate Order, GRANT in part and DENY in part Defendant's Motion to Dismiss, as detailed below.

**I.     BACKGROUND**

This is an employment discrimination case. In 1982, Plaintiff Victoria Williams began working for the Howard County Department of Corrections ("DOC") as a correctional officer. In November 1996, Ms. Williams was denied a promotion to the rank of Lieutenant. As a result, she filed an internal personnel appeal as well as charges of gender and race discrimination with the Maryland Human Rights Commission and the Equal Employment Opportunity Commission. Both grievance procedures resulted in determinations adverse to Ms. Williams, and their conclusions are not in dispute in this litigation.

On August 17, 1997, Ms. Williams was injured by an inmate. (Compl. ¶ 5). As a result of her injuries, the County placed her on disabled status and she began to receive workers' compensation. Although her physician eventually cleared her to return to "sedentary" duties, she contends that the

County required her to resume working in a "modified duty post" that required standing and other "physical functions." (Pl.'s Opp'n to First Motion to Dismiss at 5). Because she was not given a purely sedentary assignment, Ms. Williams claims that her injuries were aggravated. She, therefore, resumed her disabled status.

On August 18, 1998, the County ordered video surveillance of Ms. Williams because of its concerns that she was lying about her disabled status. The County contends that the videotape shows Ms. Williams (i) performing physical activities consistent with the work required of her restricted duty assignment, and (ii) engaged in an intimate encounter with another DOC officer. On November 13, 1998, the DOC director, Melanie Pereira, recommended that Ms. Williams be dismissed for violating DOC procedures. Specifically, Director Pereira concluded that Ms. Williams had (i) lied about her disabled status and her ability to continue working in a modified duty post, and (ii) pursued an "unprofessional" relationship with a supervising officer, in violation of DOC procedures. (Pl. Opp'n to First Motion to Dismiss at 6). Subsequently, Ms. Williams was dismissed.

On November 24, 1998, Ms. Williams appealed her discharge to the County Personnel Board (the "Board"). From February 4 to April 1, 1999, the Board held a series of evidentiary hearings on Ms. Williams's appeal. At the hearings, Ms. Williams was represented by counsel and had the opportunity to present evidence and call and cross examine witnesses. (See County Pers. Bd. Op.). On April 1, 1999, the Board issued a written opinion finding that she had been properly terminated because of her inappropriate relationship. Specifically, the Board concluded that (i) Ms. Williams had not been discriminated against because of her disability, and (ii) the DOC had not retaliated against Ms.

Williams for her earlier grievances. (Id. at 18-19). The Board did not decide whether Ms. Williams had lied about her disabled status.

On August 27, 1999, Ms. Williams appealed the Board's decision to the Circuit Court of Maryland for Howard County (the "Circuit Court"). Without waiting for the Circuit Court's decision, Ms. Williams filed a second suit in the Circuit Court on August 21, 2001. On September 18th, the defendant removed the second suit to this Court.

On April 17, 2002, the Circuit Court affirmed the Board's decision. (Williams v. Howard County Personnel Bd., et al., Civil No. 99-C-42638). The Circuit Court concluded that the County had demonstrated by a preponderance of the evidence that its reason for dismissing Ms. Williams (her intimate relationship with a supervisor) was legitimate and non-pretextual. (Id. at 40-41). The Circuit Court did not address whether Ms. Williams had lied about her disabled status.

In her second suit, which has been removed to this Court, Ms. Williams claims that she was (i) discharged in retaliation for pursuing her 1996 claims of sex and race discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e), and (ii) either (a) terminated because of her perceived disability, or, in the alternative, (b) denied a reasonable accommodation, in violation of the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.* ("ADA"). Regarding her claim that she was denied a reasonable accommodation, Ms. Williams does not contend that she requested an accommodation to continue her work as a correctional officer. Instead, Ms. Williams claims that she

3

was physically incapable of performing in her old position and that the County should have provided her with a purely sedentary position.[1]

The issue for purposes of the instant motion is whether and to what extent the prior Circuit Court review of the Board's decision precludes Ms. Williams's subsequent suit for alleged violations of Title VII and the ADA.

## II.   STANDARD FOR MOTION TO DISMISS

Ordinarily, a complaint should not be dismissed for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) unless it appears beyond all doubt that the plaintiff can prove no set of facts in support of its claim which entitle it to relief.  See Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Labram v. Havel, 43 F.3d 918, 920 (4th Cir. 1995).  The liberal pleading requirements of Rule 8(a) demand only a "short and plain" statement of the claim.  In evaluating such a claim, the Court must accept as true all well-pleaded allegations of fact and view them in the light most favorable to the plaintiff.  See Jenkins v. McKeithen, 395 U.S. 411, 421-22 (1969).  In essence, the legal theory articulated, or even suggested, by the non-moving party must be one that could not be the basis for a ruling in that party's favor.

---

[1] In its first motion to dismiss, the County argued that the plaintiff could not make a prima facie case of failure to accommodate because a disabled employee is not entitled to a new position if she cannot perform with a reasonable accommodation in her old position.  While this is an accurate statement of the law, there are factual issues inherent in determining whether the plaintiff's requested accommodation effectively constitutes a new job.  The Court, therefore, denied the first motion to dismiss without prejudice to raising this argument anew at the summary judgment stage.

**III.    ANALYSIS**

28 U.S.C. § 1738 requires federal courts to accord the same preclusive effect to a state court judgment that the judgment would be given in the courts of the state rendering the judgment.  <u>Kremer v. Chemical Construction Corp.</u>, 456 U.S. 461, 466 (1982).  The Supreme Court has held that § 1738 applies to federal civil rights actions following a state court affirmance of an administrative judgment.  <u>Id.</u>; <u>see also</u> <u>Migra v. Warren City School Dist. Bd. of Educ.</u>, 465 U.S. 75 (1984).  In determining whether Williams's appeal to the Circuit Court precludes her federal claims, this Court looks to the laws of the State of Maryland.  <u>Snell v. Mayor and City Council of Havre de Grace</u>, 837 F.2d 173, 175 (4th Cir. 1988); <u>see also</u> <u>Dixon v. SSA Baltimore Fed. Credit Union</u>, 822 F. Supp. 302, 304 (D. Md. 1992).

**A.    An Overview of Claim Preclusion in Maryland**

Pursuant to the doctrine of claim preclusion, Maryland law precludes the relitigation of matters that have been fully and fairly litigated between parties.  <u>Murray Int'l v. Graham</u>, 315 Md. 543, 547 (1989).  The test for claim preclusion is as follows:

(i)    the parties to the present litigation are the same or in privity with the parties to the earlier litigation;

(ii)   the first and second proceedings present the same claim or cause of action; and

(iii)  there was a valid final judgment rendered in the initial proceeding by a court of competent jurisdiction.

<u>FWB Bank v. Richman</u>, 354 Md. 472, 492 (1999) (citations omitted).

Maryland courts apply the "transactional" approach to determine whether the first and second proceedings present the same cause of action.  Under this approach, all claims arising out of the same

5

transaction or series of transactions will be barred from relitigation so long as the plaintiff had "ample procedural means for fully developing the entire transaction" in the initial proceeding.  Batts v. Lee, 949 F. Supp. 1229, 1235 n. 8 (D. Md. 1996).

The Maryland Court of Appeals has endorsed a pragmatic approach for determining what factual groupings constitute a transaction or series of transactions.  This approach looks at the facts presented by each proceeding, "giving weight to whether the facts are related in time, space, origin, or motivation [and] whether they can form a convenient trial unit ...."  Kent County Bd. of Educ. v. Bilbrough, 309 Md. 487, 498 (1987) (quotation omitted).  The result is that "a mere change in legal theory, applied to the same set of facts previously litigated, will not in and of itself avoid claim preclusion."  Id. at 495.

### B.    Applying the Doctrine of Claim Preclusion to the Instant Case

The first element of claim preclusion (identity of the parties) is not in dispute.  Likewise, the third element (valid and final judgment by a court of competent jurisdiction) is beyond dispute.  The Circuit Court held that the County had proven a legitimate, non-pretextual reason for Ms. Williams's discharge.  Under Maryland law, "it is crystal clear that a final judgment of a circuit court affirming the decision of an administrative agency ... is entitled to full preclusive effect."  Essinger v. Baltimore City, 95 Md. App. 607, 621 (1993).  Accordingly, the Court turns to an analysis of the second element of the test for claim preclusion, namely whether the first and second proceedings present the same cause of action.

### 1.      Plaintiff's Claims of Illegal Discharge Are Precluded from Relitigation

Ms. Williams argues that the only claim raised before the Board was her claim of retaliatory discharge.  Essentially, it is Ms. Williams's position that there should be no claim preclusion because her other causes of action (failure to accommodate and discharge because of her disability) were neither raised before the Board nor reviewed in the appeal to the Circuit Court.

The Court must disagree.  It is clear that the Board and the Circuit Court determined that Ms. Williams was not illegally discharged.  The Board considered both of the plaintiff's discharge claims and found them meritless.  (See County Pers. Bd. Op. at 18-19).  On appeal, the Circuit Court concluded that the reason for Ms. Williams's discharge was her intimate relationship with a supervisor.  (Williams v. Howard County Personnel Bd. at 40-41).

Moreover, the plaintiff had ample procedural means to fully develop her discharge claims.  In Howard County, an aggrieved employee may appeal any "personnel action that allegedly violates federal, state, or county human rights law" to the Board.  Howard County Code § 1.500 (a)(4).  In her appeal to the Board, Ms. Williams was represented by counsel and had the right to present evidence and call and cross examine witnesses.  There are not, therefore, any procedural due process concerns raised by finding the Circuit Court's conclusion dispositive.

Accordingly, the Court must GRANT the defendant's motion to dismiss in part, thereby dismissing Ms. Williams's Title VII claim of retaliatory discharge and her ADA claim of discharge because of her disability.

### 2. Plaintiff's Claim of Denial of Accommodation is not Precluded

At the hearing, the defendant argued that, although the failure to accommodate claim was not raised in prior proceedings, it should be barred under the transaction test. The Court disagrees.

In effect, Director Pereira implicitly concluded that Ms. Williams was not entitled to any accommodation by finding that Ms. Williams had lied about her ability to work at a modified duty post. Neither the Board nor the Circuit Court, however, analyzed whether Director Pereira was correct in her assessment. Rather, each forum held that the plaintiff's termination was fully attributable to her intimate relationship with a supervisor. Plaintiff's failure to accommodate claim has not, therefore, been previously litigated.

Moreover, this claim does not form part of the transaction of events relating to Ms. Williams's discharge. Indeed, Ms. Williams could pursue this claim even if she had never been fired.

Accordingly, the Court will DENY the defendant's motion in part, allowing the claim of failure to accommodate to proceed to discovery.

### III. CONCLUSION

For the reasons stated herein, the Court will, by separate Order, GRANT in part and DENY in part the Defendant's Motion to Dismiss. Plaintiff's remaining claim of failure to accommodate can be tested anew at the close of discovery. A scheduling order will issue under separate cover.

Dated this 25th day of March, 2003.

                                                      /s/ Benson Everett Legg
                                                      Chief Judge