IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| VICTORIA L. WILLIAMS | : | |
| Plaintiff | : | |
| vs. | : | Civil Action No. L-01-2780 |
| HOWARD COUNTY, MARYLAND | : | |
| Defendant | : | |

::::::::::::::::::::::::::::::::::::::::::

**ANSWER OF
DEFENDANT HOWARD COUNTY, MARYLAND**

Defendant Howard County, Maryland ("the County"), by its attorneys, Barbara M. Cook, County Solicitor, and Richard E. Basehoar, Senior Assistant County Solicitor, hereby answers the Complaint filed in this action by the Plaintiff, Victoria L. Williams ("Plaintiff"), and for its answer, states as follows:

**ANSWER**

1. The County is at this point without information and knowledge sufficient to form a belief as to the truth of the Plaintiff's allegations in Paragraph 1 of the Plaintiff's Complaint concerning the Plaintiff's residence and current address.

2. The County denies the allegation in Paragraph 2 of the Complaint. Further answering, the County states that it is a chartered County formed pursuant to the legislative grant of authority contained in Article 25 of the Annotated Code of Maryland.

3. The County admits the allegations in Paragraph 3 of the Complaint that the Plaintiff began her employment with the County in 1982, and that she was at all times employed as a correctional officer when employed by the County. The County denies the allegations that the Plaintiff was involuntarily terminated in 1999, and that the Plaintiff was an exemplary employee throughout her tenure with the County.

4. The Plaintiff makes allegations in Paragraph 4 of her Complaint to which no response is required as a result of this Court's Memorandum and Order dated March 25, 2003. Assuming, a response would be required, the County admits that the Plaintiff filed multiple grievances and charges with the referenced agencies, and a lawsuit in this Court, but denies that all were simultaneously pending in each of the years referenced. Further answering, the County states that the Plaintiff also filed a charge of discrimination with the Howard County Office of Human Rights ("OHR") in 1998.

5. The County admits the allegation in Paragraph 5 of the Complaint that the Plaintiff was injured in the course of her employment on August 17, 1997.

6. The County admits the allegation in Paragraph 6 of the Complaint that the Plaintiff was disabled from performing her regular job functions after suffering injury on August 17, 1997, but denies that she was disabled from performing only some of her job functions. Further answering, the Plaintiff, through counsel and her treatment professionals, represented to the Workers' Compensation Commission of Maryland ("Commission") that plaintiff was temporarily and totally disabled from performing any work at all times that she did not report to work, and received compensation for reason of this alleged total disability. The Defendant is at this point without information and knowledge sufficient to form a belief as to the truth of the

Plaintiff's allegations that she was disabled from performing normal life activities, aside from work, at any time during the period of her employment with the County.

7. The County admits the allegation in Paragraph 7 of the Complaint that the Plaintiff was involuntarily terminated from her employment position with the County, but denies that the Plaintiff's termination was effective on or about November 8, 1998. Further answering, the County states that the effective date of the Plaintiff's discharge was November 13, 1998.

8. The Plaintiff makes allegations in Paragraph 8 of her Complaint to which no response is required as a result of this Court's Memorandum and Order dated March 25, 2003. Assuming that a response would be required, the County admits the allegations contained in Paragraph 8 of the Complaint, except that the County denies that the Plaintiff timely filed a charge of discrimination alleging that she requested an accommodation that had been denied her by the County, or that the Plaintiff could have, with accommodation, performed the essential functions of the position of a correctional officer. Further answering, the County states that in the Charge of Discrimination which the Plaintiff cross-filed with OHR and the Equal Employment Opportunity Commission ("EEOC") on December 23, 1998, the Plaintiff complained only that she had been discriminated against for reason of a perceived handicap, because the County ". . . maintained that I was capable of working despite the fact my neurosurgeon stated otherwise."

9. The County admits the allegations in Paragraph 9 of the Complaint that the EEOC issued notice to the Plaintiff on May 23, 2001 that her Charge of Discrimination had been dismissed based upon the Plaintiff's decision to pursue an administrative appeal from the decision of the Howard County Personnel Board in the Circuit Court for Howard County, Maryland, and that a copy of this notice is appended to the Complaint. The County is at this point without sufficient information to admit or deny the allegation that this notice was received by the Plaintiff on May 25, 2001.

10. The County incorporates herein its responses to Paragraphs 1 through 9 of the Complaint as its answer to Paragraph 10 of the Complaint.

11. The County denies the allegations of Paragraph 11 of the Complaint.

12. The County denies the allegations of Paragraph 12 of the Complaint. Further answering, the County states that the Plaintiff did not request accommodation, the County did not refuse accommodation, and that the Plaintiff, her physicians and counsel repeatedly represented to the County and its agents that the Plaintiff was incapacitated from performing any work at all times when she did not report to work.

13. The Plaintiff makes allegations in Paragraph 13 of her Complaint to which no response is required as a result of this Court's Memorandum and Order dated March 25, 2003. Assuming that a response would be required, the County denies the allegations in Paragraph 13 of the Complaint.

14. The County denies the allegations in Paragraph 14 of the Complaint.

15. The Plaintiff makes allegations in Paragraph 15 of her complaint to which no response is required as a result of this Court's Memorandum and Order dated March 25, 2003. Assuming that a

response would be required, the County denies the allegations of Paragraph 15 of the Complaint.

16. The County incorporates its answers to paragraphs 1 through 15 as its answer to Paragraph 16 of the Complaint.

17. The Plaintiff makes allegations in Paragraphs 17 through 21 of her complaint to which no response is required as a result of this Court's Memorandum and Order dated March 25, 2003. Assuming a response would be required, the County denies the allegations in Paragraphs 17 through 21 of the Complaint.

**DEFENSES**

1. The Complaint fails to state a claim against the County upon which relief can be granted.

2. The Plaintiff makes allegations of discrimination in this Court that were not a part of the Charge of Discrimination which the Plaintiff cross-filed with OHR and the EEOC on December 23, 1998, and thus cannot be considered in this Court.

3. The Plaintiff filed no timely charge of discrimination with the Equal Employment Opportunity Commission, or any other agency having jurisdiction over such claim, that the County either failed or refused to provide her accommodation under the Americans With Disabilities Act, and thus cannot have this claim considered in this Court.

4. The Plaintiff's claims are barred by the doctrine of res judicata, or claim preclusion.

5. The Plaintiff's claims are barred by the doctrine of collateral estoppel or issue preclusion.

6. The Plaintiff's claims are barred by the doctrine of judicial estoppel.

7. The Plaintiff's claims are barred by the doctrine of accord and satisfaction.

8. The Plaintiff's claims are barred by reason of the Plaintiff's deceit and fraud.

9. The Plaintiff's claims are barred by laches.

10. The Plaintiff's claims are barred by limitations.

11. The Plaintiff's claims are barred for reason of the County's payment of the Plaintiff's claims for total disability under the Worker's Compensation laws of the State of Maryland.

12. The Plaintiff lacks standing to proceed before this Court.

13. The County reserves the right to assert any additional defenses that may be revealed by subsequent investigation or through the discovery permitted by this Court.

                HOWARD COUNTY OFFICE OF LAW

                _____/s/_____
                Barbara M. Cook
                County Solicitor
                (signed by Richard E. Basehoar with
                permission of Barbara M. Cook)

                _____/s/_____
                Richard E. Basehoar
                Senior Assistant County Solicitor
                Bar No. 02764
                George Howard Building
                3430 Courthouse Drive
                Ellicott City, Maryland 21043
                (410) 313-2104