April 30, 2003

The Honorable Susan K. Gauvey
United States Magistrate Judge
United States District Court
Garmatz Federal Courthouse
101 W. Lombard Street
Baltimore, MD  21201

       Re:  Case No: L-01-2780
       <u>Williams v. Howard County, Maryland</u>

Dear Judge Gauvey:

  Because the instant matter has been pending since August of 2001, and was only recently referred to you, I write to make certain that you are aware of the fact that it has been and remains the County's position that the Court may not exercise jurisdiction over the Plaintiff's accommodation claim under the Americans With Disabilities Act.  The Plaintiff's accommodation claim, as you know, is the sole issue remaining in this case as a result of Judge Legg's Memorandum and Order dated March 25, 2003.

  Briefly, as the parties' respective positions with respect to this issue are fully set forth in memoranda that are already a part of these proceedings, the County argued in a memorandum in support of its first motion to dismiss or, in the alternative, for summary judgment and in a reply memorandum, filed on September 27 and October 26, 2001 respectively, that Plaintiff can raise no accommodation claim in this Court for the reason that she made no such claim in filing her Charge of Discrimination in 1998.  In opposing the County's argument in a memorandum filed in these proceedings on or about October 12, 2001, the Plaintiff did not deny that she had *not* made an accommodation claim in her Charge of Discrimination.  Instead, the Plaintiff opposed the County's argument on the grounds that the Equal Employment Opportunity Commission might have, had it conducted an investigation, considered the question of accommodations that might have permitted the Plaintiff to work, and that she could, therefore, raise an accommodation claim for the first time in the instant action. While the Court denied the entirety of the County's first motion to dismiss in its Memorandum and Order dated September 4, 2002, it did so without specifically addressing the question of its jurisdiction over the accommodation claim.  It also denied the County's motion because, in the words of the Court, " . . . the issues raised by Howard County's first motion to dismiss may be rendered moot by the Court's resolution of the County's second motion to

dismiss."
TO: The Honorable Susan K. Gauvey
Page 2
April 30, 2003

      As Judge Legg's Memorandum and Order on March 25, 2003 make clear, the County's second motion to dismiss did in fact render moot all of the issues raised by the County's first motion, save and excepting the Court's ability to entertain the Plaintiff's accommodation claim and the merits of the same. Pursuant to the Court's directive that the parties confer to determine, among other things, whether this litigation could be resolved before either party incurred additional expenses, I reminded Plaintiff's counsel, Randolph Knepper, both in writing and in a telephone conversation, that the issue of the Court's jurisdiction over the Plaintiff's accommodation claim had not been specifically addressed by the Court's September 4, 2002 Memorandum and Order. In addition, and while I specifically noted that Judge Legg's order that the accommodation claim proceed might fairly be interpreted as a rejection of the County's argument that the Court lacks jurisdiction to consider this claim, I also inquired whether the Plaintiff believed, as the County does, that there might be value in asking that the Court address this purely legal issue before the parties expended additional time and money in pursuing discovery.

      In our telephone conversation Mr. Knepper noted, quite correctly, that the issue of the Court's jurisdiction is not technically before the Court in light of the Court's Memorandum and Order dated September 4, 2002. Beyond this, however, the Plaintiff has not indicated whether she agrees or disagrees with the County's position that there is value to having the legal issue of the Court's jurisdiction be addressed before conducting additional proceedings pursuant to the established scheduling order, and has not agreed to the submission of this issue to the Court for decision. To the date of this letter, incidentally, neither party has served a discovery request upon the other.

      The County believes, in short, that the issue of the Court's jurisdiction over the accommodation claim is one which it was required to bring to the Court's attention before further scarce resources are expended by the parties or the Court. Obviously, if you are already fully familiar with the prior proceedings in this matter and believe that the issue of the Court's jurisdiction of the accommodation claim is answered by the September 4, 2002 Memorandum and Order of this Court, this matter may proceed on that basis. If, on the other hand, you believe that the issue of jurisdiction is one that can and should be taken up at this time, rather than as part of dispositive pre-trial motions following discovery, the parties' respective legal arguments on this issue are already before the Court.

TO: The Honorable Susan K. Gauvey
Page 3
April 30, 2003

    Please let me know whether you have any questions concerning the substance of this letter or any other matter.

                                Very truly yours,

                                HOWARD COUNTY OFFICE OF LAW

                                     /s/
                              Richard E. Basehoar
                              Senior Assistant County Solicitor

REB:iw
cc:  Randolph C. Knepper, Esquire
     Barbara M. Cook, Esquire
     Melanie Pereira