August 8, 2003

The Honorable Susan K. Gauvey
United States Magistrate Judge
United States District Court
  for the District of Maryland
Garmatz Federal Courthouse
101 W. Lombard Street, Chambers 3D
Baltimore, Maryland  21201

        RE:    Joint Status Report
                  Williams v. Howard County, Maryland
                  <u>Civil Action No. L-01-CV-2780</u>

Dear Judge Gauvey:

       Please accept this letter as the parties' joint status report pursuant to the Scheduling Order which was entered in this matter on March 26, 2003.

       With respect to the matters set forth in the Court's Scheduling Order, the parties state as follows:

       a. Discovery is not yet complete, as the Plaintiff has failed to make any reply to a Request for Production of Documents which the Defendant served upon the Plaintiff on June 13, 2003. In addition, several matters respecting the sufficiency of the Plaintiff's answers to interrogatories propounded by the Defendant remain to be resolved. These matters were the subject of a letter mailed this week from Defendant's to Plaintiff's counsel. The parties hope to resolve these matters without formal motion. The resolution of these discovery matters will not affect the County's ability to file a dispositive pre-trial motion in accordance with the time frame established by the Scheduling Order.

       b. There are no motions pending at this time.

       c. The Defendant will file a motion to dismiss or, in the alternative, for summary judgment as to the single claim remaining against the Defendant in this action.

       d. The plaintiff has requested a jury trial. If trial is required, trial is expected to last 2-3 days.

The Honorable Susan K. Gauvey
Page 2
August 8, 2003

    e. Undersigned counsel have, through correspondence, discussed their views of the lawsuit and the potential for settlement. The parties have not yet met in person to discuss the potential for settlement, as Plaintiff's counsel has been absent from the Country, and a meeting between he and the Defendant's Risk Management Administrator could not be arranged since his return. The parties anticipate that additional settlement discussions will occur.

    f. Counsel do not believe that a settlement or ADR conference would be helpful at this juncture.

    g. The parties consent to have a U.S. Magistrate Judge conduct all further proceedings in this case.

    h. Other Matters:

        1. On April 30, 2003, the Defendant alerted the Court to the facts that: a) the Defendant had previously argued in these proceedings that the Plaintiff could raise no accommodation claim in this Court for reason that she made no such claim in filing her Charge of Discrimination in 1998; b) the Plaintiff did not deny that she had not made an accommodation claim in her charge of discrimination; c) the Plaintiff had instead argued that because the Equal Employment Opportunity Commission might have, had it conducted an investigation, considered the question of accommodations that might have permitted the Plaintiff to work, the Plaintiff was permitted to raise her accommodation claim for the first time in the lawsuit which she initiated on August 21, 2001; and d) the Court did not specifically address this issue when it denied the County's first motion to dismiss on the grounds that ". . . the issues raised by the County's first motion to dismiss may be rendered moot by the County's second motion to dismiss." The Defendant suggested, in short, that there might be merit in addressing the jurisdictional issue before the parties expended additional resources in pursuing discovery and filing dispositive pre-trial motions. On May 2, 2003, the Plaintiff responded to the Defendant's letter with her own, and stated that it was the Plaintiff's view that the issue of the Court's jurisdiction over the Plaintiff's accommodation claim, because it had been fully briefed by the parties, had been resolved in the Plaintiff's favor based upon the Court's denial of the Defendant's first motion to dismiss, even though the Court's order does not specifically address this issue.

The Honorable Susan K. Gauvey
Page 3
August 8, 2003

    The Defendant continues to believe that this issue is one that has not been resolved, and might appropriately be addressed by the Court, before pre-trial motions are filed by the parties. The Plaintiff continues to believe that this issue has already been resolved. The parties thus request guidance from the Court respecting its view of the status of this issue.

2. Should this matter proceed after the Court's consideration of dispositive pretrial motions, the Defendant intends to file a motion *in limine*, seeking to preclude the Plaintiff from offering any evidence with respect to: 1) any allegedly improper conduct on the part of the Defendant or its agents which was not included within the Plaintiff's Charge of Discrimination; 2) the Plaintiff's discharge and the damages which the Plaintiff claims to have suffered in connection with the same.

    The parties have no other matters to bring before the Court at this time. There may, however, be other evidentiary issues to bring before the Court before trial.

                                                   Respectfully submitted,

| /s/ | /s/ |
|---|---|
| Randolph C. Knepper, Esquire | Richard E. Basehoar |
| (signed copy of document bearing | Senior Assistant County Solicitor |
| signature of Randolph C. Knepper is | |
| being maintained in office of | |
| Richard E. Basehoar) | |
| | |
| Attorney for Plaintiff | Attorney for Defendant |